UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20852-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA

vs.

ULISES TALAVERA,

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States of America and Ulises Talavera (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1, subsection (b) of the indictment, which charges the defendant with conspiracy to export and send from the United States to Paraguay, Sony brand electronics contrary to Title 13, United States Code, Section 305, by concealing and facilitating the transportation and concealment of such merchandise prior to exportation, knowing the same to be intended for exportation contrary to law, in violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 371.

2. The United States agrees to seek dismissal of Count 1, subsection (a) of the indictment, that being conspiracy to violate Title 50, United States Code, Section 1705, Code of Federal Regulations, Section 594.201, and Executive Order 13224, all in violation of Title 18, United States Code, Section 371, as well as the remaining counts of the indictment, that being counts 2 through 9, as to this defendant, after sentencing.



3.  The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.  The defendant also understands and acknowledges that the court may impose a maximum term of imprisonment of up to five (5) years and a term of supervised release of not more than three (3) years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

5.  The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will

2



be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant reserves the right to argue for a variance or a departure.

8. The United States agrees that it will recommend at sentencing that the court reduce by two or three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, depending on whether the defendant's based offense level is determined to be 16 or above, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which



defendant is pleading guilty to. Defendant knowingly and voluntarily consents to removal from the United States following completion of his sentence, waives any rights relating to any and all forms of relief from removal or exclusion, agrees to abandon any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

10. The defendant agrees to forfeit his right, title and interest in:

    a.    2,070 Sony PS2 Video Game Consoles seized on or about August 23, 2007, by United States Customs and Border Protection.

11. Defendant knowingly and voluntarily agrees to waive any claim or defense that he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

12. The defendant is aware that Title 18 United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this in exchange for the undertakings made by this office in this pea agreement, the Defendant thereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range or variance that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 28, United States Code, Section 3742(b). However, if the government appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in the agreement with his attorney. The defendant further agrees, together with this office, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.




4

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.



14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10-20-10    By: *[signature]*
ALLYSON FRITZ
ASSISTANT UNITED STATES ATTORNEY

Date: 10-20-10    By: *[signature]* for
JARED E. DWYER
ASSISTANT UNITED STATES ATTORNEY

Date: 10/20/2010    By: *[signature]*
LEONARD SANDS
ATTORNEY FOR DEFENDANT

Date: 10/20/10    By: *[signature]*
ULISES TALAVERA
DEFENDANT

6